UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 14-CV-03076 (MJD/SER)

James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,

        Plaintiffs,

vs.

Fore Mechanical Incorporated,

        Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT**

This matter was heard before the undersigned on May 27, 2016. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. The Plaintiffs filed a Summons and Complaint with the Court on August 1, 2014. The Summons and Complaint were on Fore Mechanical through the Minnesota Secretary of State.

1

2. Following the Clerk's Entry of Default, an Amended Complaint was filed with the Court and served on Fore Mechanical.

3. Fore Mechanical failed to file and serve a response or Answer to the Summons and Complaint.

4. The Clerk entered default on February 6, 2015.

5. Fore Mechanical was served with the Amended Notice of Plaintiffs' Motion for Entry of Judgment, by and through the Secretary of State on March 7, 2006.

6. The Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

7. The Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, among other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements.

8. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

9. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-

employer jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).

10. The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et. seq. and are exempt from federal income taxation pursuant to the Internal Revenue Code.

11. The Defendant Fore Mechanical Incorporated ("Fore Mechanical"), is a member of the Sheet Metal, Air Conditioning & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota, Inc. ("SMARCA").

12. SMARCA's Articles of Incorporation provide that members of SMARCA delegate to SMARCA the authority to negotiate labor agreements with the Sheet Metal Workers Local No. 10.

13. SMARCA and the Sheet Metal Workers Local No. 10, negotiated a series of collective bargaining agreement, one covering the period of May 1, 2008 through April 30, 2011 ("2008 CBA") and the second covering the period of June 24, 2011 through April 30, 2014 ("2011 CBA") (collectively "CBAs") to which Fore Mechanical agreed to be bound by virtue of its membership in SMARCA.

14. The CBAs incorporate by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

15. The CBAs require Fore Mechanical to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBAs for each hour worked by its employees covered by the CBAs.

16. The CBAs require Fore Mechanical to set forth the amount due and owing for contributions on a remittance report to be submitted to the Control Board with Fore Mechanical's monthly payment.

17. The CBAs and the Trust Agreement further require that Fore Mechanical submit the remittance report and payment to the Control Board by the tenth day of the following month for which the contributions are due. Any employer whose remittance report and contributions are not received by the Control Board by the fifth day after the due date, or if the fifth day is not a work day, no later than the first working day after the fifth day, is delinquent.

18. The CBAs and Trust Agreement require Fore Mechanical to make available any and all records of its covered employees in order for the Control Board to determine whether Fore Mechanical has fully performed its obligation to make contributions to the Control Board.

19. Following the filing of this lawsuit, Fore Mechanical voluntarily produced its payroll and employment records for the period of January 1, 2011 through December 31, 2012 ("Audit Period").

20. The Control Board's auditor reviewed those records and determined that there were hours worked by Fore Mechanical's employees covered by the CBAs during the Audit Period for which contributions were not submitted to the Control Board.

21. Specifically, the Control Board's auditor determined that $54,102.33 is due and owing for delinquent contributions for the Audit Period.

22. To date, Fore Mechanical has failed to make any payments to the Control Board.

23. The CBAs and Trust Agreement state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent

contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

24. Liquidated damages of $10,820.47 are due and owing for the Audit Period.

25. The CBAs states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

26. The Control Board incurred attorneys' fees and costs in pursuing this delinquency in the amount of $4,929.38.

27. The total amount due and owing the Control Board from Fore Mechanical for delinquent contributions, liquidated damages, and attorneys' fees and costs for the Audit Period is $69,852.18.

## CONCLUSIONS OF LAW

1. Fore Mechanical is in default and the Control Board is entitled to entry of judgment.

2. Fore Mechanical owes the Control Board $54,102.33 for delinquent contributions for the Audit Period.

3. Fore Mechanical owes the Control Board $10,820.47 for liquidated damages for the Audit Period.

4. Fore Mechanical owes the Control Board $4,929.38 for attorneys' fees and costs incurred relating to the collection of delinquent contributions for the Audit Period.

## ORDER

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Entry of Judgment is GRANTED.

2. That judgment, in the amount of $69,852.18 be entered against the Defendant and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 27, 2016                    BY THE COURT:

                                       s/ Michael J. Davis
                                       Michael J. Davis
                                       United States District Court